**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

**SELENA E. MOLINA**
**SENIOR MAGISTRATE IN CHANCERY**

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 11400**
**WILMINGTON, DE 19801-3734**

August 21, 2025

Bradley R. Aronsta, Esquire
S. Michael Sirkin, Esquire
R. Garrett Rice, Esquire
Ross Aronstam & Moritz LLP
1313 N. Market Street, Suite 1001
Wilmington, DE 19801

Joseph B. Cicero, Esquire
Gregory E. Stuhlman, Esquire
Chipman Brown Cicero and Cole, LLP
1313 N. Market Street, Suite 5400
Wilmington, DE 19801

RE: *Gulf LNG Energy, LLC, et al. v. ENI USA Gas Marketing LLC*,
C.A. No. 2019-0460-SEM

Dear Counsel:

Pending before me is the motion for continued confidential treatment filed by plaintiffs Gulf LNG Energy, LLC and Gulf LNG Pipeline, LLC ("Plaintiffs"). The motion was reassigned to me on July 21, 2025. This is my final report.

By way of brief background, this action was fully resolved on December 15, 2020, when Chancellor Bouchard entered a final order permanently enjoining Eni USA Gas Marketing LLC (the "Defendant") from pursuing a second arbitration it had commenced on June 3, 2019.[1] That second arbitration was an impermissible collateral attack on a prior arbitration award, which resolved the parties' disputes about a contract between the parties known as the Terminal Use Agreement (the

---

[1] Docket Item ("D.I.") 59.

"TUA"). The parties agreed in the TUA that both the TUA itself and any subsequent arbitration relating thereto were to be confidential.[2] Thus, the Plaintiffs filed the complaint in this action, and eight exhibits thereto, under seal; the complaint was later redacted and filed publicly, along with public versions of the Plaintiffs' motions to expedite and for a temporary restraining order.[3] Throughout this proceeding, the parties filed other pleadings, motions, and briefs under seal, providing public versions as required by this Court's rules.

Under current Court of Chancery Rule 5.1(h),[4] "confidential treatment expires three years after the final disposition of the action," but "[a]ny person may move to extend confidential treatment" through which they bear the burden to "demonstrate that the particularized harm from public disclosure of the Confidential Filing clearly outweighs the public interest in access to Court records. The movant must provide evidentiary support for the particularized harm." The movant must also move timely, within forty-five days of the Register in Chancery's notice of expiration.

---

[2] *See* D.I 1, Ex. C

[3] D.I. 6–8.

[4] I say current because this Rule was recently amended on May 31, 2024, effective June 14, 2024, and corrected on July 12, 2024, with an effective date of same. I rely on the amended version herein, seeing no material change from the prior version. As explained by the comments to the amendments, "Rules 5.1(g) and (h) clarify the authority of the Register in Chancery to file a public version if no party files redactions. In addition, they establish a procedure for restoring confidential treatment when no public version is filed." The standard of proof remains the same.

Here, the Plaintiffs moved timely, and their motion is unopposed. But I must still hold them to their burden and look for particularized harm, weighing any public interest, and evidentiary support therefor. In large part, the Plaintiffs have met their burden.

The Plaintiffs move for continued confidential treatment of seventeen documents. Six of those documents were originally filed, and permanently sealed by Vice Chancellor Glasscock on August 17, 2022, in *Gulf LNG Energy, LLC v. ENI USA Gas Marketing LLC*, C.A. No. 2018-0700-KSJM (the "Prior Decision"). Those are:

1. The final arbitration award and correction of final arbitration award (Exhibit B to the complaint here);

2. The TUA (Exhibit C to the complaint here);

3. The complaint from that action (Exhibit H to the complaint here);

4. The answer to that complaint (Exhibit I to the complaint here);

5. A motion for judgment on the pleadings in that action (Exhibit J to the complaint here); and

6. A cross-motion for judgment on the pleadings in that action (Exhibit K to the complaint here).

The Prior Decision stands and I see no basis on which to revisit or reconsider it. The documents sealed in the Prior Decision will remain sealed in this action.

I focus my attention on the documents filed solely in this action. The information redacted generally falls within three buckets: (1) public information about the Plaintiffs' claims and requests for relief in this action, (2) quotations from, or explanation of, the TUA, and (3) calculations, financial considerations, and other details from the arbitration proceedings. The first bucket contains information for which there is no need for continued confidential treatment. The second bucket is directly tied to, and protected by, the Prior Decision. And the final bucket contains information worthy of continued confidential treatment. Thus, as I explain through my document-by-document review below, the Plaintiffs' request is granted in part, but several un- (or less-) redacted documents must be filed.

### A. The Plaintiffs' complaint and the answer thereto are over-redacted.

Several of the redactions in the Plaintiffs' complaint are not supported by an evidentiary record of particularized harm from disclosure. The currently redacted statements referencing the existence of the second arbitration, future proceedings, relief requested in this action, and legal basis therefor, are already publicly known and should no longer be protected from disclosure. Thus, the redactions on pages 1, 3, 5, 6, 7 (paragraph 12 only), 10, 18, 23 (heading F and paragraph 44 only), 27–28

(under Count I through the end of paragraph 54), 29 (paragraphs 58–59 only), and 30–31 must be removed. The Plaintiffs have met their burden for continued confidential treatment of the information redacted elsewhere in the complaint. The answer shall be unsealed to the same extent.

**B.      Exhibit F to the complaint should remain sealed.**

The Plaintiffs request that Exhibit F to the complaint, which is the notice of arbitration, remain fully sealed. They argue that the information therein meets the definition of "Confidential Information," there is cognizable harm from disclosure, and keeping this exhibit sealed will not undermine the public's base-level knowledge of these proceedings. I agree. I see no reason to unseal the notice of arbitration, and will not require the Plaintiffs to file a public version.

**C.      Exhibit G to the complaint is appropriately redacted and should not be unsealed.**

The public version of Exhibit G to the complaint, filed on September 6, 2023, is appropriately redacted to protect discreet information for which continued confidential treatment is appropriate. No further disclosure is warranted.

**D.** **The motion for expedited proceedings, motion for judgment on the pleadings, opposition thereto, and supplemental submissions thereon should be unsealed. The reply in further support of the motion for judgment on the pleadings is over-redacted.**

The redactions in the motion for expedited proceedings, motion for judgment on the pleadings, opposition thereto, and supplemental submission thereon, are not supported by an evidentiary record of particularized harm from disclosure. The currently redacted statements mirror those found lacking in the complaint; they reference the existence of the second arbitration, future proceedings, relief requested in this action, and legal basis therefor. That information is already publicly known and should no longer be protected from disclosure. Those filings must be unsealed. Sticking with the briefing set, the reply in further support of the motion for judgment on the pleadings has some appropriate redactions but is over-redacted. References to the arbitrations, underlying merits, and supporting case law shall be made public, but the actual award terms referenced therein can remain under seal. A revised public revision shall be filed.

**E.** **The Plaintiffs' motion for temporary restraining order is over-redacted.**

Like the complaint, several of the redactions in the Plaintiffs' motion for temporary restraining order are not supported by an evidentiary record of particularized harm from disclosure. The currently redacted statements referencing

the existence of the second arbitration, future proceedings, relief requested in this action, and legal basis therefor, are already publicly known and should no longer be protected from disclosure. Thus, the redactions on pages 1–4 (through the end of paragraph 8), 6–10, and 12–13 must be removed. The Plaintiffs have met their burden for continued confidential treatment of the information redacted elsewhere in the motion.

*   *   *

This is my final report, and exceptions may be filed under Court of Chancery Rule 144.

Respectfully,
*/s/ Selena E. Molina*
Senior Magistrate in Chancery